IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SAINT PAUL COMMODITIES, LLC,** | § | |
| *a Minnesota limited liability company,* | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. **3:09-CV-582-L** |
| v. | § | |
| | § | |
| **DB FLEET, LLC**, | § | |
| *a Texas limited liability company*, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Dismiss Defendant's Counterclaims, filed May 14, 2009. After careful consideration of the motion, response, reply, briefs, record, and applicable law, the court **denies without prejudice** Plaintiff's Motion to Dismiss Defendant's Counterclaims.

## I.   Factual and Procedural Background

Plaintiff Saint Paul Commodities, LLC ("St. Paul" or "Plaintiff") filed its Original Complaint against Defendant DB Fleet, LLC ("DB Fleet") on March 30, 2009, in federal district court on grounds that diversity of citizenship existed between the parties and that the amount in controversy exceeded $75,000, exclusive of interest and costs. St. Paul sought recovery for alleged breach of contract, unjust enrichment, and quantum valebant. On April 24, 2009, DB Fleet filed its Original Answer, which asserted a counterclaim against Plaintiff for fraud, asked for a declaratory judgment, and requested relief of exemplary damages and attorney's fees.

St. Paul alleges that it entered into a contract (the "Agreement") with DB Fleet in July 2007, which provided that St. Paul would make weekly shipments of goods to DB Fleet in exchange for

**Memorandum Opinion and Order – Page 1**

payments.  Compl. ¶ 4.03.  St. Paul contends that it started making these shipments to DB Fleet in December 2007.  *Id.*  In November 2008, however, DB Fleet allegedly ceased making full payments, prompting St. Paul to stop further shipment in March 2009 after the past-due invoice balance exceeded $500,000.  *Id.*  ¶¶ 4.04, 4.06.  DB Fleet concedes that it entered into the Agreement with St. Paul and that it did not make full payments, but denies that it was responsible for the deficiency due to alleged fraudulent conduct by Plaintiff.  Def.'s Answer ¶¶ 7, 8.

DB Fleet alleges via counterclaim that, before it entered into the Agreement with St. Paul, it entered into a similar contract with nonparty Restaurant Technologies, Inc. ("RTI") in August 2006.  *Id.* ¶ 24.  DB Fleet contends that the current owner of St. Paul, Shane Grutsch, then served as the principal contact between RTI and DB Fleet.  *Id.* ¶¶ 24, 26.  Shane Grutsch allegedly represented to DB Fleet that its contract with RTI could not continue without a substantial security deposit in excess of $100,000, and that DB Fleet needed to change its supplier to St. Paul to avoid paying the inordinate sum.  *Id.* ¶ 26.  DB Fleet accordingly entered into the Agreement with St. Paul, later allegedly discovering that the representation made by Shane Grutsch was false and designed specifically to induce DB Fleet to enter into the Agreement with St. Paul.  *Id.* ¶ 27.

## II.     Standard for Dismissal Pursuant to Rule 12(b)(6)

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint

are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129

S.Ct. at 1950 (citation omitted).  Further, a court is not to strain to find inferences favorable to the

plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.

*R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not

evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has

pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355

F.3d 370, 376 (5th Cir. 2004).

**III.   Analysis**

In addition to its counterclaim for fraud, DB Fleet brings a second cause of action that asks

the court for a declaratory judgment on the issue of the alleged misrepresentation made by Shane

Grutsch.  The court will address both the alleged fraud and the declaratory judgment in turn.

**A.      Fraud Counterclaim**

**1.      Rule 9(b)'s Particularity Requirement**

St. Paul argues that DB Fleet has pled its fraud counterclaim without the particularity

required by Rule 9(b) of the Federal Rules of Civil Procedure.  DB Fleet responds that it did plead

with the required particularity and that the Rule 9(b) standard should be relaxed because Plaintiff

is in the sole possession of necessary specific information.  St. Paul replies that the deficient facts

are solely under DB Fleet's control and that the unsupported factual allegations in DB Fleet's

response brief cannot be considered by the court in ruling on the motion because they are not part

of the pleading.

Rule 9(b) of the Federal Rules of Civil Procedure requires "a plaintiff pleading fraud to

specify the statements contended to be fraudulent, identify the speaker, state when and where the

statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002) (quotations omitted).  To satisfy this requirement, a plaintiff must allege "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *Tuchman v. DCS Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (quotations omitted).  This heightened pleading requirement imposed by Rule 9(b) is clearly applicable to DB Fleet's fraud counterclaim in this case.

DB Fleet alleges that Shane Grutsch, sometime prior to the execution of the Agreement,  left RTI to become the owner and principal of St. Paul. Def.'s Answer ¶ 26.  DB Fleet further alleges that, at that time, Shane Grutsch represented that RTI would "require a substantial security deposit in excess of $100,000.00" to continue providing material under the contract with RTI and that DB Fleet could sign the Agreement with St. Paul to avoid paying the deposit.  *Id.*  These allegations specify the contents of the allegedly fraudulent statements and identify the speaker.

DB Fleet also alleges that it did not wish to enter into the Agreement with St. Paul, but had no other choice as it could not afford to pay the deposit allegedly due to RTI.  *Id.*  DB Fleet contends that it never would have entered into the Agreement with St. Paul but for these alleged representations by Shane Grutsch, representations that were designed specifically to induce DB Fleet to contract with St. Paul.  *Id.* ¶¶ 30, 31.  These allegations specify the reason why the alleged representations made by Shane Grutsch were fraudulent; however, because DB Fleet's counterclaim fails to allege the specific dates on which these statements were made and where these statements were made, it fails to allege fraud with the particularity required under Rule 9(b).

The court is unpersuaded by DB Fleet's contention that this information is solely in St. Paul's possession.  Ostensibly, the DB Fleet representatives that were in contact with Shane Grutsch at the time these alleged statements were made are as capable of identifying the specifics of date, place, and manner of communication as St. Paul is.   The court cannot relax the particularity requirement of  Rule 9(b).

### 2.      DB Fleet's Request to Amend Counterclaim

DB Fleet asks for an opportunity to amend its counterclaim if the court determines that it has failed to state its claims with the requisite particularity.  The court determines that the defects in DB Fleet's counterclaim are not necessarily incurable and that leave should be granted to allow DB Fleet to replead its counterclaim.  *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). Although DB Fleet does allege some specificity in its response brief, Rule 9(b) requires that adequate specificity be part of the pleading itself.  The court therefore did not consider the additional factual allegations in DB Fleet's response brief, nor did it contemplate whether those additions by themselves are sufficient to comply with Rule 9(b).  The court **denies without prejudice** the motion to dismiss and **orders** DB Fleet to file an amended counterclaim to address the pleading deficiencies by **November 9, 2009, 5:00 p.m.**  *If the pleading deficiencies are not cured by that date, the court will dismiss the fraud counterclaim with prejudice.*

### B.      Declaratory Judgment

DB Fleet asks the court to enter a judgment declaring that RTI never made a representation to DB Fleet about having to pay a security deposit, and that St. Paul made the representation without a legitimate basis for doing so.  St. Paul argues that DB Fleet's request for declaratory judgment should be dismissed because it seeks the same relief as DB Fleet's fraud counterclaim, rendering

declaratory judgment both redundant and unnecessary.  The court determines that the points at issue in the declaratory judgment are integral to establishing the fraud alleged by DB Fleet, and that such a declaratory judgment would hinge on DB Fleet prevailing on its fraud counterclaim.  Without the requisite specificity for the alleged fraud under Rule 9(b), DB Fleet cannot prevail on its fraud counterclaim, which would render its request for a declaratory judgment moot.  Accordingly, the court declines to rule on this issue now because it has given DB Fleet an opportunity to replead its fraud counterclaim.  Moreover, the points at issue in the declaratory judgment create a fact question that would be better addressed in a motion for summary judgment.

**IV.   Conclusion**

For the reasons stated herein, the court **denies without prejudice** Plaintiff's Motion to Dismiss Defendant's Counterclaims.  DB Fleet's counterclaim for fraud must be repleaded with greater specificity to comply with Rule 9(b); the amended counterclaim shall be filed no later than **November 9, 2009, 5:00 p.m.**

**It is so ordered** this 21st day of October, 2009.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 7**