IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SAINT PAUL COMMODITIES, LLC,** *a Minnesota limited liability company*, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. **3:09-CV-582-L** |
| **DB FLEET, LLC**, *a Texas limited liability company*, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Summary Judgment, filed May 7, 2010. After careful consideration of the motion, brief, appendix, record, and applicable law, the court **grants** Plaintiff's Motion for Summary Judgment.

### I.   Background

Plaintiff Saint Paul Commodities, LLC ("St. Paul" or "Plaintiff") filed its Original Complaint against Defendant DB Fleet, LLC ("DB Fleet" or "Defendant") on March 30, 2009, in federal district court on grounds that diversity of citizenship existed between the parties and that the amount in controversy exceeded $75,000, exclusive of interest and costs. St. Paul sought recovery for alleged breach of contract, unjust enrichment, and *quantum valebant*. On April 24, 2009, DB Fleet filed its Original Answer, which asserted a counterclaim against Plaintiff for fraud, asked for a declaratory judgment, and requested exemplary damages and attorney's fees.

St. Paul filed a motion to dismiss Defendant's counterclaims on May 14, 2009, and the court, on October 21, 2009, issued a memorandum opinion and order directing DB Fleet to replead its

fraud counterclaim with greater specificity. DB Fleet complied with the court's order and filed its amended counterclaim on November 9, 2009. On May 7, 2010, Plaintiff filed its Motion for Summary Judgment; St. Paul requests that the court enter judgment in its favor and award damages of $541,511.60 on the breach of contract claim. Plaintiff further requests that the court enter summary judgment dismissing Defendant's counterclaims with prejudice. DB Fleet has not filed any response or opposition to Plaintiff's Motion for Summary Judgment.

This case arises out of a sales contract (the "Agreement") entered into by the parties in January 2008. The Agreement provided that St. Paul would deliver cooking oil to DB Fleet; however, DB Fleet failed to pay in full for the cooking oil it received. In its counterclaim, DB Fleet alleges that it was defrauded into doing business with St. Paul. DB Fleet suggests that Plaintiff's alleged fraudulent conduct absolves Defendant of responsibility for failing to make the contractual payments.

Plaintiff, in its Motion for Summary Judgment, contends that Defendant's counterclaims and defenses fail as a matter of law because DB Fleet cannot establish the legally required elements of such claims and defenses. Accordingly, St. Paul argues that Defendant has no legal justification for its admitted failure to make the payments required by the Agreement and that Plaintiff is entitled to a judgment in its favor.

## II.   Summary Judgment Standard When No Response is Filed

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v.*

*Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed

fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

DB Fleet filed no response to St. Paul's motion for summary judgment. This failure, of course, does not permit a court to enter a "default" summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). When no response is filed, such failure does permit the court to accept as undisputed the evidence set forth in support of a movant's motion for summary judgment. *Id.* Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [its] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Defendant's pleadings are not verified and, therefore, Defendant has presented no summary judgment evidence to dispute St. Paul's version of the facts or to support its defenses of duress and offset.

### III.  Undisputed Facts

St. Paul sold cooking oil to DB Fleet on a wholesale basis beginning in January 2008. Pl.'s App. 11 ¶¶ 22-23. DB Fleet failed to pay many invoices on time throughout 2008 and 2009, despite its continual receipt of cooking oil from St. Paul; the past due amounts exceeded $400,000 by January 2009. *Id.* at 11-12 ¶¶ 23-25. In March 2009, St. Paul terminated the agreement for nonpayment. *Id.* at 12 ¶¶ 25-26. At the time the Agreement was terminated, DB Fleet owed St. Paul the principal sum of $541,511.60 for unpaid invoices. *Id.* ¶ 26.

DB Fleet's fraud counterclaim, the sole basis upon which Defendant denies having an obligation to pay the $541,511.60 deficiency to Plaintiff, is premised upon alleged misrepresentations made by St. Paul's owner, Shane Grutsch ("Grutsch"), to induce DB Fleet to enter into the Agreement. *See* Def.'s First Am. Original Answer & Countercl. 5-6 ¶¶ 31-32. Grutsch allegedly told DB Fleet that it would be required to pay a security deposit if it decided to reach a sales agreement with another entity, Restaurant Technologies, Inc. ("RTI"), instead of St. Paul; this representation allegedly prompted DB Fleet to sign the Agreement with St. Paul to avoid paying a security deposit. *See id.* DB Fleet offers no evidence in support of its counterclaim other than a hearsay statement made in Defendant's Answer to Plaintiff's Interrogatory No. 3, wherein DB Fleet representative Jeff Bertrand ("Bertrand") stated that RTI representative Linda Duclos ("Duclos") informed him that she had no knowledge that RTI would have required a security deposit. *See* Pl.'s App. 72. Duclos, however, submits a declaration under penalty of perjury that she never made such a representation to Bertrand and confirms that RTI was demanding a security deposit before it would enter into an agreement with DB Fleet. Pl.'s App. 2 ¶ 6.

**IV.    Analysis**

  **A.    St. Paul's Breach of Contract Claim and Request for Equitable Relief**

Although St. Paul brings claims in its Original Complaint for breach of contract, unjust enrichment, and *quantum valebant*, St. Paul argues that it has established its entitlement to summary judgment on the breach of contract claim. Because the court ultimately determines that St. Paul has made the proper showing and is entitled to relief on the breach of contract claim, the court need not address Plaintiff's alternative equitable theories.

As previously stated, DB Fleet filed no response to St. Paul's motion for summary judgment. When no response is filed, the court is permitted to accept as undisputed the facts and evidence in support of a movant's summary judgment motion. *Eversley v. MBank*, 843 F.2d at 174. Accordingly, the court has relied on the undisputed facts presented by St. Paul. The evidence establishes that DB Fleet entered into a sales contract with St. Paul in January 2008. DB Fleet continued to receive cooking oil under the terms of the Agreement but failed to make payment in full. The amount owed by DB Fleet under the Agreement totaled $541,511.60 when St. Paul terminated the Agreement for nonpayment in March 2009.

DB Fleet does not dispute that it failed to make proper payments to St. Paul pursuant to the terms of the Agreement. Instead, Defendant attempts to justify its nonpayment because of alleged fraudulent conduct by Plaintiff, which Defendant asserts as a counterclaim.

**B.    DB Fleet's Fraud Counterclaim**

Under Texas law, a cause of action for fraud requires that: (1) a material representation was made; (2) the representation which was false; (3) the representation was known to be false when made or was asserted without knowledge of its truth; (4) the representation was intended to be acted upon; (5) the representation was relied upon; and (6) the representation caused injury. *Arete Partners, L.P. v. Gunnerman*, 594 F.3d 390, 394 (5th Cir. 2010) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998). Here, the purported representation, a statement allegedly made by Duclos to Bertrand, was that Duclos was not aware that RTI would require a security deposit to reach an agreement with Defendant. There is no evidence of this representation ever having been made other than that in Defendant's Answer to

**Memorandum Opinion and Order – Page 6**

Plaintiff's Interrogatory No. 3. The court determines that Defendant's answer to this interrogatory constitutes inadmissible hearsay, as it falls under no recognized exception to the hearsay rule.

Moreover, Duclos has provided a declaration attached as part of Plaintiff's appendix. In her declaration, she denies ever having made such a representation to Bertrand and avers that RTI was, in fact, demanding a security deposit from DB Fleet. This statement is not hearsay and constitutes competent evidence. Because there has been no competent evidence produced by Defendant to dispute Duclos's declaration, the court determines that no representation was made. Accordingly, DB Fleet's fraud counterclaim fails as a matter of law, and the court need not engage in an analysis of whether the representation was false, material, relied upon, or caused injury. There is no genuine issue of material fact, and Plaintiff is entitled to judgment as a matter of law on the counterclaim.

DB Fleet also requests a declaratory judgment from the court. DB Fleet asks the court to enter a judgment declaring that RTI never asked Defendant for a security deposit and that Plaintiff had no basis for making such a representation. In light of the court's determination with respect to Defendant's fraud counterclaim, the court determines that such a declaratory judgment is unwarranted. Accordingly, the request is denied.

## V.   Conclusion

For the reasons herein stated, there is no genuine issue of material fact for the trier of fact to consider with respect to any of Plaintiff's claims and Defendant's counterclaims. It is undisputed that DB Fleet owes an unpaid principal amount of $541,511.60 under the terms of the Agreement and has no legally sufficient basis for withholding such payment. St. Paul is accordingly entitled to judgment as a matter of law, and the court **grants** Plaintiff's Motion for Summary Judgment. DB Fleet's counterclaims are **dismissed with prejudice**. The court will accordingly enter judgment in

the amount of $541,511.60 for Plaintiff on the breach of contract claim, plus interest accruing from the date of termination for nonpayment, March 1, 2009, at the contractual rate of 5.25 percent. As required by Rule 58 of the Federal Rules of Civil Procedure, the court will issue that judgment by separate document.

      **It is so ordered** this 4th day of June, 2010.

                                            Sam A. Lindsay
                                            United States District Judge